

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRYAN W. WHITEPIPE, | \* | CIV. NO. 06-3018 |
| Petitioner, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Bryan W. Whitepipe, has filed a "Motion for a Stay and Abeyance Order to Return to State Court to Exhaust State Remedies of Federal Constitutional Claims", Docket No. 24. The District Court has directed that this Court handle the Motion on a Report and Recommendation basis. The Court has reviewed the Motion, in light of applicable precedent, and believes that Petitioner should be given an opportunity to make the requisite showing for the entry of a stay and abeyance order.

The United States Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) recently addressed when and under what circumstances a federal district court should stay a mixed petition to allow a 28 U.S.C. §2254 petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. The Supreme Court described the problem as follows:

> As a result of the interplay between AEDPA's 1-year statute of limitations in [Rose v.] Lundy's, [455 U.S. 509 (1982)] dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to prisoners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

544 U.S. at 275. In response to this problem, the Rhines Court unanimously adopted a "stay-and-abeyance procedure."

> Under this procedure, rather than dismiss the mixed petition pursuant to Lundy, the district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claim. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

Id. at 275-76.

The Court in Rhines, however, made it clear that "stay and abeyance should be available only in limited circumstances." Id. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claim first to the state courts, stay and abeyance is only appropriate when" (1) a petitioner had good cause for failing to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious and (3) there is no

2

indication that the petitioner engaged in abusive litigation tactics or intentional delay. Id. at 277-78.

According to the Court, any stay granted must be tempered with "reasonable time limits on a petitioner's trip to state court and back." Id. at 278. If a district court concludes that "stay and abeyance" is inappropriate, then the petitioner must be allowed to "delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair his right to obtain federal relief." Id.

Pursuant to the dictates of Rhines, Petitioner should be afforded an opportunity to demonstrate that (1) there was good cause for his failure to exhaust his claims in state court, (2) his unexhausted claims are not "plainly meritless" and (3) he has not engaged in abusive litigation tactics or intentional delay. Id. at 277-78; see also Atkins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005). Once Petitioner has had the opportunity to make such a showing, the Court will be in a position to issue a report and recommendation, within the framework of Rhines, so that the District Court can proceed to exercise its discretion and rule on the stay and abeyance Motion. See Atkins, 410 F.3d at 456.

Based on the foregoing, it is hereby

ORDERED that Petitioner shall have until February 15, 2007 within which to make the showing, required by Rhines, mentioned above. It is further

ORDERED that Respondent, Douglas Weber, Warden of the South Dakota State Penitentiary, shall have until March 9, 2007 within which to respond to any submissions filed by Petitioner.

Dated this 3rd day of January, 2007, at Pierre, South Dakota.

BY THE COURT:

*[signature]*

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
         Deputy
(SEAL)